IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| KHARI LEON HOLLINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 110-136 |
| | ) |
| BRUCE CHATMAN, Warden, | ) |
| | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **FINDS** that Petitioner has filed a second application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* (doc. no. 3) be **DENIED AS MOOT**, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

### I. BACKGROUND

Petitioner originally brought the instant § 2254 petition in the Middle District of Georgia on October 12, 2010. (Doc. no. 1.) The petition was subsequently transferred to this District. (Doc. no. 5.) In this petition, Petitioner attempts to challenge his 1994 conviction for felony murder pursuant to a guilty plea entered in the Superior Court of Richmond County, Georgia. (Doc. no. 1, p. 1.) The trial court sentenced Petitioner to life in prison, and

Petitioner did not file a direct appeal. (Id. at 2-3.)

On January 20, 1999, Petitioner filed his first state habeas corpus petition in the Superior Court of Tattnall County, alleging that he had received ineffective assistance of counsel. (Id. at 4.) On April 13, 2000, Petitioner's first state habeas petition was denied. (Id.) Petitioner filed his second state habeas petition on October 3, 2002, reasserting his ineffective assistance of counsel claim and also alleging that his guilty plea was not knowingly and voluntarily entered and that the trial court made several errors. (Id. at 5.) On July 6, 2004, the Superior Court of Tattnall County dismissed his second state habeas petition as successive. (Id. at 5.)

On April 14, 2005, Petitioner filed his first federal habeas petition, raising the following three grounds for relief: (1) ineffective assistance of counsel based on incorrect information provided prior to entering the guilty plea; (2) entry of an invalid guilty plea because counsel provided incorrect information about the occupation of the victim (allegedly a police officer); and (3) denial of the right to appeal because of ineffective assistance of counsel. (Id.; Hollins v. Tompkins, CV 105-166, doc. no. 1 (S.D. Ga. Apr. 14, 2005) (hereinafter "CV 105-166").) On October 13, 2005, this Court recommended that the Respondent's motion to dismiss be granted because the petition was time-barred by the applicable statute of limitations. CV 105-166, doc. no. 15. The Honorable Dudley H. Bowen, Jr., United States District Judge, adopted this Court's Report and Recommendation ("R&R") as the opinion of the Court and dismissed that case. Id., doc. no. 19. Petitioner filed the above-captioned federal petition for writ of habeas corpus on October 12, 2010, (doc. no. 1), and it is now before the Court for initial screening pursuant to Rule 4 of the

2

Rules Governing Section 2254 Cases.[1]

## II. DISCUSSION

### A. Judicial Notice of the Court's Documents

This Court has the authority to take judicial notice of its own documents. United States v. Rey, 811 F.2d 1453, 1457 n. 5 (11th Cir.1987) ("A court may take judicial notice of its own records and the records of inferior courts."). As described above, within this Court's records is Petitioner's previous application for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254, this Court's R&R addressing Petitioner's previous application, and Judge Bowen's Order adopting that R&R as the opinion of the Court. CV 105-166, doc. nos. 1, 15, 19. Pursuant to the Court's power to take judicial notice of its own records, the Court **FINDS** that Petitioner has filed a prior application for a federal writ of habeas corpus, thereby making the current application the second such petition filed by him in this Court.

### B. Second Application for a Writ of Habeas Corpus

The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, states, "Before a

---

[1]In pertinent part, this Rule states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4 of the Rules Governing Section 2254 Cases.

3

second or successive[2] [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[3] Thus,

---

[2]With limited exceptions that do not apply to this case, a petition for habeas corpus is considered "second or successive" when the petitioner's first petition has already been dismissed on the merits; the second petition is considered "second or successive" even if it is comprised of previously unexhausted claims. Burton v. Stewart, 594 U.S. 147, 153-54 (2007) (*per curiam*). In this regard, dismissal of a habeas corpus petition on statute of limitations grounds constitutes, as a matter of law, an adjudication on the merits for the purposes of § 2244(b)(3)'s second or successive petition requirements. See, e.g., Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions . . . ."); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (*per curiam*) ("We hold today that a prior untimely [§ 2254] petition does count [as an adjudication on the merits] because a statute of limitations bar is not a curable technical or procedural deficiency . . . ."). Petitioner's first § 2254 petition was dismissed as time-barred. CV 105-166, doc. nos. 15, 19. As such, Petitioner's previous federal petition for a writ of habeas corpus was denied on the merits.

[3]Section 2244 is applicable to § 2254 applications by virtue of the following provisions of § 2244:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant

4

§ 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application...." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997) (*per curiam*). Petitioner does not state that he has either sought or been granted permission to file a second or successive § 2254 petition in this Court. Without authorization from the Eleventh Circuit Court of Appeals, this Court cannot consider Petitioner's claims. See id. ("Instead of filing a pleading in the district court attempting to evade the provisions of 28 U.S.C. § 2244(b), as amended, [Petitioner] should have begun by filing in this Court [the Eleventh Circuit Court of Appeals] an application seeking a certificate permitting him to file a second application in the district court, as required by § 2244(b)(3)(A). Because [Petitioner] did not obtain such a certificate, the district court correctly dismissed his habeas application...." Id.).

Here, Petitioner has not stated that he has received permission from the Eleventh Circuit Court of Appeals to file a second or successive application for a writ of habeas corpus. Furthermore, this Court has received no authorization to address an application such as the instant one. As a result, this Court lacks authority to address Petitioner's application.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court **FINDS** that Petitioner has filed a second

---

guilty of the underlying offense.

28 U.S.C. § 2244(b).

application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Therefore, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* (doc. no. 3) be **DENIED AS MOOT**, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 26th day of October, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE