IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| KHARI LEON HOLLINS, | ) |
| Petitioner, | ) ) ) |
| v. | ) CV 110-136 |
| BRUCE CHATMAN, Warden, | ) ) ) |
| Respondent. | ) |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. nos. 10, 11).[1] Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge found that this was the second such petition that Petitioner has filed in this Court. (Doc. no. 8, p. 3.) Because a second petition seeking habeas relief under § 2254 cannot be filed without authorization from the court of appeals, and because Petitioner did not obtain such authorization, the Magistrate Judge recommended that the instant petition be dismissed. (Id. at 4-5.)

---

[1] After filing his objections to the Magistrate Judge's R&R, Petitioner filed a document entitled "Objections to the Recommendation – Amendment." (Doc. no. 11.) In this document, Petitioner seeks to amend his initial objections by adding the information that he has sought permission from the Eleventh Circuit Court of Appeals to file a second § 2254 petition. The Court **GRANTS** Petitioner's motion to amend his initial objections (doc. no. 11), and will take into account the information from both his initial and amended objections in making its ruling.

In his objections, Petitioner concedes that the petition he filed in this case is a second application for relief under § 2254, and that he has not obtained the required authorization from the Eleventh Circuit. (Doc. no. 10, p. 1.) However, he requests that the Court refrain from dismissing his petition at this time and stay proceedings[2] in this case so that he may obtain the requisite authorization; in the alternative, he requests that the Court dismiss his petition without prejudice. (Id. at 2-3.)

In the time since Petitioner filed his objections, the Eleventh Circuit has issued an order denying Petitioner's application for leave to file a second § 2254 petition. (Doc. no. 12.) As a result, the Court finds no reason to stay proceedings or make the dismissal of the instant petition without prejudice, as requested by Petitioner in his objections. Thus, Petitioner's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

Furthermore, a prisoner seeking relief under 28 U.S.C. § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the

---

[2]While Petitioner states that he is requesting an "extension of time," it is apparent that he means to request a stay of proceedings pending resolution of a request to the Eleventh Circuit for permission to file a second § 2254 petition. (See doc. no. 10, p. 2.)

requisite showing. Accordingly, a COA is **DENIED** in this case.[3] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Therefore, Petitioner's motion to proceed *in forma pauperis* (doc. no. 3) is **DENIED AS MOOT**, this case is **DISMISSED**, and this civil action is **CLOSED**.

SO ORDERED this 15th day of December, 2010, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] "If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.